Filed 1/30/25  Estate of Kelson CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| Estate of GARY KELSON, Deceased. | |
| PAUL KELSON, as Executor, etc., <br><br>           Petitioner and Respondent, <br> v. <br> KATHRYN KELSON, <br><br>           Objector and Appellant. | A168996 <br><br> (Marin County <br> Super. Ct. No. PRO2103356) |

Kathryn Kelson (Objector) challenges the probate court's finding that her creditor's claim in the underlying probate estate was untimely.  We affirm.

BACKGROUND

After Gary Kelson (Decedent) died, Paul Kelson (Executor) petitioned for probate of Decedent's will.  Letters testamentary appointing Executor issued on December 7, 2021.

1

In May 2022, Objector filed a creditor's claim for more than $650,000.[1] To support the claim, Objector attached a 2002 judgment in dissolution proceedings between Objector and Decedent. The judgment provided for Decedent to pay family and child support to Objector in specified amounts for specified time periods. In a subsequent filing, Objector explained that Decedent failed to fully pay the ordered support and further failed to return personal property identified as Objector's in the 2002 judgment.

In January 2023, Executor rejected Objector's claim. In filings supporting Executor's petition for final distribution, Executor stated Objector's claim was untimely. Objector filed a response and objections to the petition. Following a hearing, the probate court granted Executor's petition for final distribution. With respect to Objector, the court's order found Objector's claim was filed "more than 120 days following issuance of letters testamentary. [Objector] did not file a petition with this Court to allow her late-filed creditor claim under Probate Code section 9103. [Executor's] rejection of said claim as untimely was therefore proper."

## DISCUSSION

Probate Code[2] section 9100, subdivision (a)(1) provides, as relevant here, "A creditor shall file a claim before . . . [f]our months after the date letters are first issued to a general personal representative." Objector concedes her creditor's claim was not timely filed under this provision and further concedes she did not file a petition to file a late claim pursuant to

---

[1] Objector filed her creditor's claim in propria persona, but was represented by counsel in a 2023 filing.

[2] All undesignated statutory references are to the Probate Code.

2

section 9103.[3]  Instead, Objector argues probate courts have the discretion to allow late claims as a matter of equity, even absent a section 9103 petition. Objector seeks a remand for the probate court "to consider whether, under the circumstances and equities to be determined by that Court, [Objector's] creditor's claim should be considered on its merits."

We need not decide this issue because Objector failed to request such relief from the probate court.  Objector argued in the probate court solely that her claim was timely under Code of Civil Procedure section 366.2.  (See Code Civ. Proc., § 366.2, subd. (a) ["If a person against whom an action may be brought on a liability of the person . . . dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply"].)  Objector did not ask the probate court for equitable relief from the section 9100 filing deadline.[4]

" ' "As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal; appealing parties must adhere to the theory (or theories) on which their cases were tried.  This rule is based on fairness—it would be unfair, both to the trial court and the opposing litigants, to permit a change of theory on appeal." ' "  (*Hewlett-Packard Co. v.*

___

[3] Section 9103, subdivision (a) provides, "Upon petition by a creditor or the personal representative, the court may allow a claim to be filed after expiration of the time for filing a claim provided in Section 9100 if" specified conditions are satisfied.

[4] There was a hearing on Executor's petition for final distribution, but Objector did not include a record of the oral proceedings as part of the record on appeal.  Accordingly, any arguments raised in the hearing are not part of the record on appeal.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [" '[the appellant] has the burden of providing an adequate record' "].)

3

*Oracle Corp.* (2021) 65 Cal.App.5th 506, 548; see also *Daneshmand v. City of San Juan Capistrano* (2021) 60 Cal.App.5th 923, 936–937 [equitable tolling claim forfeited because "[t]he issue of equitable tolling was never raised in the trial court"].)  Assuming the issue is a pure question of law, we decline to exercise our discretion to consider it despite Objector's forfeiture.  (*Ramirez v. Department of Motor Vehicles* (2023) 88 Cal.App.5th 1313, 1335 [" '[A] new theory raising a pure question of law on undisputed facts can be raised for the first time on appeal.'  [Citation.]  Notwithstanding, an appellate court is under no mandatory duty to consider 'forfeited arguments that raise pure questions of law.' "].)

## DISPOSITION

The order is affirmed.  Executor is awarded his costs on appeal.

SIMONS, Acting P. J.

We concur.

BURNS, J.
CHOU, J.

(A168996)

4